IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM ) CRIMINAL CASE NO. CF-0490-10
)
)
)
)
vs. ) DECISION AND ORDER
)
)
)
)
)
ALVIN GERARD SAN NICOLAS, )
            Defendant. )
)
)
)

## INTRODUCTION

On February 2, 2012, this Court raised the issue in the above captioned case, of a potentially defective indictment due to the fact that the indictment's First and Second Charges (First and Second Degree Criminal Sexual Conduct, 9 GCA § 25.15 and 9 GCA § 25.25) failed to state that the actor is either a member of the same household as the victim, the actor is related to the victim by blood or affinity to the fourth degree to the victim, or the actor is in a position of authority over the victim and used this authority to coerce the victim to submit.

## DISCUSSION

"It is a cardinal principal of our criminal law that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to a subsequent prosecution for the same offense." People v. Jones, 2006 Guam 13 ¶ 12 (citing Portnoy v. United States, 316 F.2d 486, 488 (1st Cir. 1963). It is also well established that an indictment "should be read in its

People of Guam v. San Nicolas (CF490-10)

entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." Id. (citing U.S. v. Givens, 767 F.2d 574, 584 (9th Cir. 1985). Guam law is in accordance with this view, holding an indictment to be sufficient where it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution of the same offense. Id.

Generally, an indictment which tracks the words of the statute charging the offense is sufficient as long as the words unambiguously set forth all the elements of the offense. See Jones. In the instant case, the prosecution admits that the indictment does not contain an element of the crime charged. This case is different from Jones because the government in that case did not exclude any of the essential elements. The indictment at issue in Jones explicitly included all essential elements, and while the indictment did not explicitly track the statute, it included other words or facts to support all the elements provided in the statute.

Amendments to indictments are governed by 8 GCA § 55.20 of the Guam Criminal Procedure Code. An indictment is allowed to be amended "upon application of the prosecuting attorney at any time before the verdict...if substantial rights of the defendant are not prejudiced." See People v. Diaz, 2007 Guam 3 ¶15 (citing 8 GCA § 55.20

First Degree Criminal Sexual Conduct pursuant to 9 GCA 25.15(a)(2) provides that a person is guilty of CSC in the first degree if he or she engages in sexual penetration with the victim and if any of the following circumstances exist:
> (2) the victim is at least fourteen (14) but less than sixteen (16) years of age and the actor is a member of the same household as the victim, the actor is related to the victim by blood or affinity to the fourth degree to the victim, or the actor is in a position of authority over the victim and used this authority to coerce the victim to submit.

9 GCA § 25.15 (a)(2).

Second Degree Criminal Sexual Conduct pursuant to 9 GCA 25.20(a)(2) provides that a person is guilty in the second degree if he or she engages in sexual penetration with another person and if any of the following circumstances exist:

> that other person is at least fourteen (14) but less than sixteen (16) years of age and the actor is a member of the same household as the victim, or is related by blood or affinity to the fourth degree to the victim, or is in a position of authority over the victim and the actor used this authority to coerce the victim to submit.

9 GCA § 25.20 (a)(2).

In the present case, the Government's current indictment fails to allege that the actor is a member of the same household as the victim, or is related by blood or affinity to the fourth degree to the victim, or is in a position of authority over the victim and the actor used this authority to coerce the victim to submit.

Allowing the Government to amend the indictment at this time to add one of the above elements to both First Degree CSC (which includes 15 counts) and Second Degree CSC does not charge a new offense or prejudice the defendant. See 8 GCA 55.20; People v. Diaz, 2007 Guam 3 ¶15; People v. Salas, 2000 Guam 2 ¶13; People v. Quidachay, 1983 WL 29954 *4 (D.Guam App.Div). But before the Court allows an amendment, the Court is concerned as to whether the Grand Jury received testimony to support the charges that the actor is a member of the same household as the victim, or is related by blood or affinity to the fourth degree to the victim, or is in a position of authority over the victim and the actor used this authority to coerce the victim to submit. Therefore, the Court requests the Government to produce information that it presented to the Grand Jury facts pointing to the additional element required by statute.

For these reasons, the Court hereby Orders the Government to amend the indictment in the above captioned case in order to be consistent with requisite elements of the charges therein.

People of Guam v. San Nicolas (CF490-10)

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court hereby orders the Government amend the indictment in the above captioned case.

**SO ORDERED** this ____3____ day of ____Feb.____, 2012.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of: AG, Prob, PDSC, Compilers, Guam Bar
Date: 2/3    Time: 3:15 pm
9A
Deputy Clerk, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct con...
...original ... file in the off... of the clerk of the Superior C... of Guam

Dated at H...tna, Gu...
FEB 03 2012

...rique F. Aflagu...
Deputy Clerk, Superior Court of Guam

People of Guam v. San Nicolas (CF490-10)